**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT FACCIOLA, Lead Plaintiff on behalf of Mortgages Ltd. Investor Class; ROBERT MAURICE FACCIOLA TRUST DATED 12/2/94, Lead Plaintiff on behalf of Mortgages Ltd. Investor Class; HONEYLOU C. REZNIK, Lead Plaintiff on behalf of Mortgages Ltd. Investor Class; MORRIS REZNIK AND HONEYLOU C. REZNIK TRUST, Lead Plaintiffs on behalf of Mortgages Ltd. Investor Class; JEWEL BOX INCORPORATED, Lead Plaintiff on behalf of Mortgages Ltd. Investor Class; JEWEL BOX LOAN COMPANY INCORPORATED, Lead Plaintiff on behalf of Mortgages Ltd. Investor Class; H-M INVESTMENTS LLC, Lead Plaintiff on behalf of Mortgages Ltd. Investor Class; FRED C. HAGEL AND JACQUELINE M. HAGEL REVOCABLE LIVING TRUST DATES 3/15/95, Lead Plaintiffs on behalf of Radical Bunny Investor Class, | No. 12-17761 D.C. No. 2:10-cv-01025-FJM MEMORANDUM[*] |
|      Plaintiffs - Appellants, | |
|  v. | |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GREENBERG TRAURIG LLP,

            Defendant,

  And

CBIZ, INC., a Delaware corporation; CBIZ MHM, LLC, a Delaware limited liability company; MAYER HOFFMAN MCCANN P.C., a Missouri professional corporation,

           Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted February 5, 2015
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and DEARIE, Senior District Judge.[**]

Plaintiffs–Appellants appeal the dismissal of their putative Arizona securities and negligent misrepresentation class action against Mayer Hoffman McCann P.C. (Mayer Hoffman) and its affiliated corporations, CBIZ, Inc. and CBIZ MHM, LLC (collectively CBIZ). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [**]    The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

With respect to the Arizona Securities Act claim, no reasonable inference may be drawn from the amended allegations that Mayer Hoffman acted outside the ordinary course of its profession when issuing the contested audit reports or that it "participated in or induced" Appellants' investments with Mortgages Ltd. or Radical Bunny, LLC. Ariz. Rev. Stat. § 44-2003(A); *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 21-22 (Ct. App. 1996).

Because Appellants made the tactical decision to pursue only their Arizona Securities Act claims in their Amended Complaint, the appeal of the dismissal of their other claims against Mayer Hoffman—for violation of the Arizona Investment Management Act (AIMA) and common law negligent misrepresentation—may rely only upon the allegations contained in the Original Complaint. The district court properly dismissed Appellants' claim brought under the AIMA because no reasonable inference may be drawn that any entity—including Mayer Hoffman, Mortgages Ltd., or Radical Bunny, LLC—engaged in investment advisory services. Ariz. Rev. Stat. §§ 44-3241, 44-3101(5). Appellants' negligent misrepresentation claim fails because the allegations in the Original Complaint are insufficient to demonstrate, in accordance with Arizona's adoption of the Restatement (Second) of Torts § 552 (1979), *Standard Chartered*, 190 Ariz. at 29, that Appellants were part of the "limited group of persons" that Mayer Hoffman's audit reports were intended to benefit. *Bily*

3

*v. Arthur Young & Co.*, 3 Cal. 4th 370, 392, 410-11 (1992); *see also Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 (9th Cir. 2001).

Absent a cognizable claim for primary liability against Mayer Hoffman, Appellants cannot successfully allege a claim for statutory or common law secondary liability against CBIZ. Ariz. Rev. Stat. § 44-1999(B); *Grand v. Nacchio*, 225 Ariz. 171, 176 (2010) (en banc).

**AFFIRMED.**